Whaley, Chief Justice,
delivered the opinion of the court:
Plaintiff entered into a contract with the defendant on September 12,1934, whereby in consideration of $275,889.00, it agreed to furnish all labor and materials and perform all work required for the construction of an intermediate and high frequency transmitter building, a low frequency transmitter building, a barracks, a helix house, a pump house, a water tower, two cooling ponds, a settling tank, certain roads and walks, and water, sewerage, drainage and electrical systems, at the Naval Eadio Station, Summit, Canal Zone, in accordance with designated drawings and specifications, the work to be commenced within 10 calendar days after date of notice to proceed, the buildings and service to be completed within 300 calendar days and all the remaining work within 330 calendar days from the date of receipt of notice to proceed.
Plaintiff was notified to proceed with the work on September 26, 1934, thereby fixing the final date for completion of the buildings and services on July 23, 1935, and the remaining work August 22, 1935.
During the course of the contract certain changes were made from time to time as provided in the contract. Change orders were issued and the plaintiff was a member of the Board which agreed on these changes and additional compensation and extensions of time to be granted.
The contract was finally completed on December 2, 1935, and liquidated damages were assessed against the contractor in the sum of $2,490.00.
Upon the completion and acceptance of the work, the contractor executed a release on December 12,1935, in conformity with the provisions of the contract, releasing the Government from all claims arising under or by virtue of the contract and reserved only the right to contest the amount of liquidated damages assessed.
Plaintiff brings this action to recover expenditures made over and above the contract price, alleging against the de *500 fendant numerous and frequent changes in construction and plans, delaying the time of completion and increasing the cost.
The facts show that all these changes which were made were provided for in the contract, and that plaintiff accepted the Change Orders, performed the work, received the compensation as fixed in the Change Orders and that the time for completion of the contract was extended by the allowance of additional days. In addition to this, plaintiff’s release to defendant of all claims is a complete defense to any action for recovery under the contract except as to the items which had been specifically excepted in the release. Nelson Construction Company, No. 43574 — A, decided this date, ante, p. 476.
The plaintiff claims that the delays for which liquidated damages were assessed were occasioned by the defendant in failing to have prompt inspection made of the glass and putty. The evidence discloses that inspection was made within a reasonable time and, if there were any delays, plaintiff contributed to them by its failure to give the proper information to the manufacturer from whom the glass and putty had been purchased by it.
It is also contended that the Government delayed plaintiff in not properly inspecting the plumbing fixtures but the facts show that the completion of the buildings was not delayed because of a slight delay in inspection.
Plaintiff also contends that it was not required under the contract to make the screens tightly fit the window frames because the screens had been inspected and accepted in the United States and that this requirement entailed extra labor and retarded the completion date of the contract. The specifications provided as follows:
Screens shall suit the type of the steel windows for which they are used, and the contractor shall remove all existing hardware where necessary for the proper installation of the screens; hardware removed shall be replaced by hardware of the kind required for complete and satisfactory operation of the screen windows.
The inspection in the United States was purely one of materials. The contract required that the screens should fit *501 the windows in such a way as to prevent insects from entering the building but after the arrival of the screens it was found that certain adjustments had to be made in order to make them bug-proof. It was part of the contract that plaintiff should perform this work. We can find no variance from the specifications in requiring plaintiff to fit the screens to the windows.
There are other allegations of delay on the part of the Government in reference to road-building and furnishing electricity, and the covering of the ceiling of the helix house with copper sheeting, which we do not think it necessary to discuss at length.
The facts in the case show that the Government complied strictly with the terms of the contract and that plaintiff was not delayed by any act of the Government for which it was not allowed an extension of time and an increase in the contract price.
The delays for which plaintiff has had liquidated damages assessed against it were caused by its own failure to comply with the terms of the contract.
Plaintiff’s petition is dismissed. It is so ordered.
Littleton, Judge; and Green, Judge, concur.
Whitakee, Judge, took no part in the decision of this case.